UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| BOTE LLC DBA BOTEBOARD, a Florida limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> BOTE-BOARD.COM, an Internet Domain Name, and JOHN DOES 1-10, individuals, <br><br> Defendants. | Case No. |

**[PROPOSED] *EX PARTE* TEMPORARY STRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

Plaintiff BOTE LLC d/b/a BOTEBOARD ("Bote") has filed a complaint for injunctive and other relief pursuant to the Lanham Act (15 U.S.C. §§ 1114(1), and 15 U.S.C. §§ 1125 (a) and (d)). Bote has moved ex parte for an emergency temporary restraining order and an order to show cause why a preliminary injunction should not be granted pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a) (the Lanham Act), and 28 U.S.C. § 1651 (a) (the All-Writs Act).

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Having reviewed the papers, declarations, exhibits, and memorandum filed in support of Bote's Ex Parte application for an Emergency Temporary Restraining Order and Order to Show Cause re Preliminary Injunction, the Court hereby makes the following findings of fact and conclusions of law:

1. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto; the Complaint states a claim

upon which relief may be granted against Defendants BOTE-BOARD.COM and John Does 1-10 ("Defendants") under the Lanham Act (15 U.S.C. §§ 1114, 1125).

2. There is good cause to believe that Defendants have engaged in and are likely to engage in acts or practices that violate the Lanham Act (15 U.S.C. §§ 1114, 1125), and that Bote is therefore, likely to prevail on the merits of this action.

3. Bote owns the registered trademarks for BOTE, and uses the name BOTEBOARD as its trade name and its URL boteboard.com, and other trademarks in connection with its services and products. There is good cause to believe that, unless Defendants are restrained and enjoined by Order of this Court, immediate and irreparable harm will result from the Defendants' ongoing violations of the Lanham Act.

4. The evidence set forth in Bote's brief in Support of *Ex Parte* Application for a temporary Restraining Order and Order to Show Cause Re Preliminary Injunction ("TRO Application"), and the accompanying declarations and exhibits, demonstrates that Bote is likely to prevail on its claim that Defendants have engaged in violations of the foregoing law by:

    a. using BOTE-BOARD.COM to confuse customers of Bote into visiting BOTE-BOARD.COM instead of BOTEBOARD.COM, solely for the purposes of extracting information from customers of Bote.

    b. using the registered BOTE trademark and paddle design, and using BOTE website photographs and layout to mimic the legitimate Bote website, to further confuse legitimate Bote customers into giving up their personal information to the John Does who run and operate the BOTE-BOARD.COM website.

    c. using means to maintain an anonymous presence to avoid service of process, personal liability, culpability and responsibility for their actions, which can only create

harm to both Bote and the general public who rely on legitimate website to participate in legitimate interstate commerce.

      d.  harming the good will generated by Bote in its registered trademarks, its trade name, and it other trademarks that appear on Defendants' illegitimate website.

5.     There is good cause to believe that if such conduct continues, irreparable hard will occur to Bote, Bote's shoppers and the public.  There is good cause to believe that the Defendants will continue to engage in such unlawful actions if not immediately restrained from doing so by Order of this Court.

6.     There is good cause to believe that Defendants have specifically directed their activities to Bote's customers and potential customers located in Virginia by virtue of Defendants' illegitimate website BOTE-BOARD.COM is accessible throughout the United States and the world, and including residents of the Commonwealth of Virginia

7.      There is good cause to believe that to immediately halt the injury, the execution of this Order should be carried out in a coordinated manner by Bote and by the domain registry Verisign on such adate and time within five (5) days of this Order as may be reasonably requested by Bote.

8.     There is good cause to permit notice of the instant Order, notice of the Preliminary Injunction hearing and service of the Complaint by formal and alternative means, given the exigency of the circumstances and the need for prompt relief.  The following means of service are authorized by law, satisfy Due Process and satisfy Red. R. Civ. P. 4(f)(3) and are reasonably calculated to notify Defendants of the instant order, the Preliminary Injunction hearing and of this action: (1) transmission by email, facsimile, mail and'or personal delivery to the contact information provided by Defendants' domain registrars, hosting companies and 4e-

commerce platform agreements, (2) publishing notice on a publicly available Internet website, (3) by personal delivery upon Defendants, to the extent Defendants provide accurate contact information in the U.S.; and (4) personal delivery through the Hague Convention on Service Abroad or similar treaties upon Defendants, to the extent Defendants provided accurate contact information in foreign countries that are signatories to such treaties.

## TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction having come before the Court for consideration; the Court having considered Plaintiff's Verified Complaint, including Exhibits 1 – 10, Plaintiff's supporting memorandum, and being otherwise duly advised, it is hereby

(1)     ORDERED that Plaintiff's motion for a temporary restraining order is GRANTED.

(2)     ORDERED that Verisign, Inc., located at 21355 Ridgetop Circle, Lakeside III, Dulles, Virginia 20166, shall take all steps necessary to divest the present registrant and owner of its registration, ownership, and control of the Defendant Domain Name BOTE-BOARD.COM;

(3)     ORDERED that Verisign, Inc., located at 21355 Ridgetop Circle, Lakeside III, Dulles, Virginia 20166, shall take all steps necessary to promptly assign registration, ownership, and control of the Defendant Domain Name BOTE-BOARD.COM to Plaintiff Bote LLC, a Florida limited liability company located at 505 Mary Esther Cut Off NW, Fort Walton Beach, Florida 32548, using a registrar of Plaintiff's choosing;

(4)     Specifically, it is hereby ORDERED that Verisign, Inc., located at 21355 Ridgetop Circle, Lakeside III, Dulles, Virginia 20166, shall change the registrar of record for the Defendant Domain Name BOTE-BOARD.COM to 1&1 Ionos SE, c/o compliance@ionos.de.

(1&1). 1&1 is then ordered to take the necessary steps to register the Defendant Domain Name to Plaintiff Bote LLC.

    (5)    The Plaintiff is further ORDERED to post a bond or surety in the amount of $500 by close of business on the business day following service of this Order, pursuant to Rule 65(c), Fed. R. Civ. P.;

    (6)    The Plaintiff is further ORDERED to cause a copy of this Order to be published in the Washington Post or the Washington Times within 14 days of this Order;

    (7)    The Plaintiff is further ORDERED to provide a copy of this Order to Verisign, Inc., in addition to 1&1;

    (8)    It is further ORDERED, pursuant to Rule 65(b)(3), Fed. R. Civ. P., that a hearing on this matter is SCHEDULED for _____, to address whether it is appropriate to convert this temporary restraining order to a preliminary injunction.

The Clerk is directed to forward a copy of this Order to all counsel of record.

_____
Date

_____
UNITED STATES DISTRICT JUDGE